**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation, ) ) ) | No. CV-08-8166-PHX-GMS |
| Plaintiff, ) ) | **ORDER** |
| vs. ) ) ) | |
| BIKERS WORLD US, INC., et al., ) ) | |
| Defendants. ) ) | |

Pending before the Court is the Motion for Default Judgment of Plaintiff Ohio Casualty Insurance Company. (Dkt. # 16.) In the motion, Plaintiff requests an entry of judgment against Defendant Bikers World US, Inc. ("Bikers World"). When considering whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place.").

Because federal courts are courts of limited jurisdiction, federal subject mater jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of

1  subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "If
2  the court determines at any time that it lacks subject-matter jurisdiction, the court must
3  dismiss the action." Fed. R. Civ. P. 12(h)(3).

4  In the Complaint, Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. §
5  1332. (Dkt. # 1 ¶ 7.) Section 1332 provides: "The district courts shall have original
6  jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
7  $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28
8  U.S.C. § 1332(a)(1). While it appears that the complete diversity requirement of § 1332 is
9  satisfied for all named defendants, the Court is concerned that the amount in controversy,
10 with respect to Defendant Bikers World, is insufficient to satisfy the jurisdictional
11 requirement.[1] (*See* Dkt. # 1 ¶ 36 (seeking a declaratory judgment that Plaintiff is not
12 obligated to satisfy Defendant Bikers World's $17,400.00 bond claim).)

13 If the amount in controversy between Plaintiff and Defendant Bikers World does not
14 independently exceed $75,000.00, subject matter jurisdiction would be lacking unless the
15 federal supplemental jurisdiction statute, 28 U.S.C. § 1367, applies to Plaintiff's claim
16 against Defendant Bikers World.[2] Pursuant to 28 U.S.C. § 1367(a):

---

[1] In the setting of injunctive or declaratory actions, "it is well-settled that the amount in controversy is said to be measured for subject matter jurisdiction purposes by the value of the right that the plaintiff seeks to enforce or to protect against the defendant or the value of the object that is the subject matter of the action." 14B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3708, at 236 (3d ed. 1998); *see also Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) ("Where the complaint seeks injunctive or declaratory relief and not monetary damages, the amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented.").

[2] "Nor may these claims be aggregated with the others so as to come within the amount in controversy requirement. As we have stated, the tests for aggregating claims of one plaintiff against multiple defendants and of multiple plaintiffs against one defendant are 'essentially the same . . . : the plaintiff's claim against the defendants must be common and undivided so that the defendants' liability is joint and not several.'" *Libby, McNeill, & Libby v. City of Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (quoting *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 683 n.9 (9th Cir. 1976)).

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Assuming that the joinder of defendants in this action was effectuated pursuant to Federal Rule of Civil Procedure 20(a)(2), Permissive Joinder of Parties,[3] and assuming that the claims against the various defendants form part of the same case or controversy, § 1367(a) seems to indicate that supplemental jurisdiction may exist over Plaintiff's claims that do not independently have a jurisdictional basis. Section 1367(b), however, specifically restricts the applicability of supplemental jurisdiction in this situation:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.*

28 U.S.C. § 1367(b) (emphasis added).

While the Court recognizes that Plaintiff's claim against Defendant FreedomRoad satisfies the amount in controversy requirement such that there exists proper jurisdiction between Plaintiff and Defendant FreedomRoad, this does not then permit Plaintiff to defeat

---

[3] Federal Rule of Civil Procedure 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the matter." Here, Plaintiff has filed declaratory judgment claims against multiple defendants whose only apparent connection stems from each defendant's use of Prescott Motor Group, a financing intermediary who acted as bond principal under Plaintiff's statutory vehicle dealer bond, to secure financing for each of defendants' customers. While the common question of law or fact requirement appears to be satisfied, it is doubtful whether the claims against each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences sufficient to satisfy the requirements of Rule 20.

the jurisdictional requirements of § 1332 by joining additional defendants pursuant to Rule 20 and asserting claims that do not, in an of themselves, satisfy the amount in controversy requirement of § 1332. *See generally* 16 James Wm. Moore et al., *Moore's Federal Practice* § 106.45[3] (3d ed. 2002) ("The courts that have decided this issue have uniformly held that the supplemental jurisdiction statute does not provide supplemental jurisdiction for the insufficient claim . . . .").

**IT IS THEREFORE ORDERED** directing Plaintiff to show cause as to why the Court should not dismiss Defendant Bikers World from the action for lack of subject matter jurisdiction. Plaintiff shall file a memorandum on or before **March 6, 2009** addressing: (1) the legal basis for joining the defendants; (2) whether the claims against each defendant satisfy the same case or controversy requirement of § 1367(a); and (3) the basis for subject matter jurisdiction over Defendant Bikers World.

DATED this 20th day of February, 2009.

_____
G. Murray Snow
United States District Judge